**CITY OF TIFFIN, Appellee,**

v.

**BOOR, Appellant.**

[Cite as *Tiffin v. Boor* (1996), 109 Ohio App.3d 337.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13-94-42.

Decided Feb. 13, 1996.

338

*Dawn D. Root,* City Prosecuting Attorney, for appellee.

*Richard E. Herthneck,* for appellant.

SHAW, Judge.

Defendant-appellant, John E. Boor, appeals the conviction and sentence entered against him in the Tiffin Municipal Court, following a bench trial in which defendant was found guilty of door-to-door solicitation in violation of Tiffin Codified Ordinances 719.04(a).

On August 5, 1994, defendant was issued a minor misdemeanor citation for engaging in the door-to-door solicitation of private residences for the purpose of demonstrating and selling Kirby vacuum cleaning systems in Tiffin, Ohio. On the same date, defendant appeared in court and was charged with one count of door-to-door solicitation in violation of Tiffin Codified Ordinances 719.04(a). Defendant pled not guilty to the charge set forth in the citation. On October 21, 1994, the case proceeded to a bench trial. At trial, counsel for both the city and the defendant stipulated to all facts relating to the offense and defendant admitted to

violating the ordinance. The court found defendant guilty of the charge and sentenced him to a $100 fine plus court costs.

Thereafter, defendant filed the instant appeal, asserting the following assignments of error:

"I. The trial court erred as a matter of law in denying defendants' motion for dismissal based on the unconstitutionality of Chapter 719 of the business regulation code for the City of Tiffin which provides interalia [*sic*] that 'the practice of going in and upon private residences by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise not having been requested nor invited to do so by the owner or occupant of private residences for the purposes of soliciting orders for the sale of goods, wares, services and merchandise and for disposing of an/or [*sic*] peddling or hawking the same is declared to be a nuisance.'

"II. The trial court erred in failing to apply applicable case law which states that a city or municipality must review less restrictive alternatives available in its regulation of a governmental interest as opposed to an absolute prohibition or ban.

"III. The trial court erred in differentiating between an itinerant seller and a solicitor."

As all three of defendant's assignments of error address the constitutionality of Tiffin Codified Ordinances 719.04(a), they will be addressed together. In substance, defendant's argument that the Tiffin ordinance is violative of the First Amendment to the United States Constitution is based upon two assertions: (1) that door-to-door solicitation is commercial speech which is entitled to constitutional protection, and (2) the Tiffin ordinance burdens substantially more speech than is necessary to further the government's interests, in essence, because there are less restrictive alternatives available to the city which stop short of a flat ban on door-to-door solicitation. Upon consideration of the record in this case and the controlling case authority, we find both of defendant's assertions are meritorious and therefore reverse the judgment and sentence of the trial court.

The ordinance at issue states as follows:

"(a) The practice of going in and upon private residences by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise not having been requested nor invited so to do by the owner or occupant of private residences for the purpose of soliciting orders for the sale of goods, wares, services and merchandise and for disposing of an/or [*sic*] peddling or hawking the same is declared to be a nuisance."

■ At the outset, the city argues that this ordinance does not implicate the First Amendment because it is designed to regulate commercial conduct and not commercial speech. As the city notes, the United States Supreme Court has held such ordinances to be valid in the context of solicitation of magazine sales. *Breard v. Alexandria* (1951), 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233. Moreover, in *W. Jefferson v. Robinson* (1965), 1 Ohio St.2d 113, 30 O.O.2d 474, 205 N.E.2d 382, the Supreme Court of Ohio, citing *Breard*, validated an ordinance which is very similar to the one at issue in the instant case.

However, it is important to note that both *Breard* and *W. Jefferson* were decided at a time when "commercial speech" was thought to be outside the protection of the First Amendment. In *Virginia Pharmacy Board v. Virginia Citizens Consumer Council, Inc.* (1976), 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346, the Supreme Court of the United States specifically disassociated itself from (if not overruled) the *Breard* decision and held that "commercial speech" or speech which "does no more than propose a commercial transaction," is not wholly outside the protection of the First Amendment. *Id.* at 762, 96 S.Ct. at 1825–1826, 48 L.Ed.2d at 358.[1] Accordingly, in the case *sub judice*, we conclude that defendant's actions in engaging in the door-to-door solicitation of vacuum cleaner customers clearly involves the "proposal of a commercial transaction" and hence constitutes protected commercial speech under *Virginia Pharmacy, supra.*

■ Regarding defendant's second assertion as to whether the total ban of the Tiffin ordinance is impermissibly restrictive, we find persuasive the analysis set forth in *Project 80's, Inc. v. Pocatello* (C.A.9, ·1988), 876 F.2d 711 (*"Project 80's I"*), vacated and remanded in *Idaho Falls, Idaho v. Project 80's, Inc.* (1990), 493 U.S. 1013, 110 S.Ct. 709, 107 L.Ed.2d 730, affirmed (C.A.9, 1991), 942 F.2d 635. In *Project 80's I*, two cities enacted ordinances which are virtually identical to that enacted by the city of Tiffin. Project 80's, an Idaho corporation, was denied licenses to conduct door-to-door sales of candy. Consequently, it sought injunctive relief and challenged the constitutionality of the ordinances.

In deciding the constitutionality of the ordinance, the court applied the four-part test set forth in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm.*

---

1. Noting that since the holding in *Breard,* the court had never denied speech First Amendment protection simply because it proposed a commercial transaction, the United States Supreme Court in *Virginia Pharmacy, supra,* clearly cast doubt on the validity of *Breard* and its progeny in holding that while commercial speech may be accorded a lesser degree of protection than other types of speech, it is nonetheless entitled to First Amendment protection. Thus, due to the fact that both *Breard* and *W. Jefferson* were both decided prior to the *Virginia Pharmacy* decision (and additionally because it appears, in contrast to the present case, that the court in *W. Jefferson* had a record before it which demonstrated that the ordinance in question bore a real and substantial relation to the public safety, health or general welfare) we believe that neither decision controls the disposition of this case.

(1980), 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341, for determining whether commercial expression warrants First Amendment protection:

" * * * For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted government interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the government interest asserted, and whether it is not more extensive than is necessary to serve that interest." *Id.* at 566, 100 S.Ct. at 2351, 65 L.Ed.2d at 351.

In addressing the first issue under *Cent. Hudson,* the *Project 80's I* court concluded that the speech component of solicitation does not disappear simply because it is connected with the sale or attempted sale of a product and found that there were no allegations that the plaintiffs' sales activities were unlawful, misleading or deceptive. Thus, the court held that the plaintiffs' activities were protected by the First Amendment. *Project 80's I, supra,* 876 F.2d at 714.

The second test to be applied under *Cent. Hudson* is whether the asserted governmental interest is substantial. In *Project 80's I, supra,* as in the case *sub judice,* the cities claimed that their interests in prohibiting door-to-door solicitation were in protecting the privacy of its citizens, preventing crime and regulating commercial transactions, and the court had little difficulty in accepting these asserted government interests as substantial. *Id.,* 876 F.2d at 714.

The third issue under *Cent. Hudson* is whether the governmental interests are directly advanced by the regulation. The court found that the cities' interest in privacy was advanced by the ordinance, despite the fact that the cities were, in effect, making the choice for residents as to whether they wished to receive solicitors. *Id.,* 876 F.2d at 714. Moreover, while the court in *Project 80's I, supra,* found that the ordinances may have the effect of reducing crime, the court also determined that this claim was undermined by the fact that there was little in the record to substantiate it. *Id.*

The last prong of *Cent. Hudson* required the cities to establish that the ordinance restrictions were no more extensive than necessary to serve the cities interests. The court initially held that the cities were required to employ the "least restrictive alternative" in achieving its desired end. *Id.* at 715, fn. 5. However, due to a conflict within the federal circuits, the Supreme Court vacated the opinion on this issue and remanded the cause to the court of appeals to consider *State Univ. of New York Bd. of Trustees v. Fox* (1989), 492 U.S. 469, 109 S.Ct. 3028, 106 L.Ed.2d 388, which held that *Cent. Hudson* did not require a "least restrictive means" analysis. Nevertheless, upon remand, the court of appeals held that even under a "less restrictive means" analysis, the ordinances at issue were not narrowly tailored to serve substantial government interests. *Project 80's, Inc. v. Pocatello* (1991), 942 F.2d 635, 637 ("*Project 80's II* ").

In particular, the court held that the ordinances swept too broadly with respect to the protection of privacy, in part due to the individuality of preferences in that regard. Moreover, with respect to crime prevention, the court found that there was no evidence that the ordinances protected citizens from crime, since the ordinances do not prohibit strangers from approaching residences for other purposes. *Id.* at 638. Finally, the court suggested a number of less restrictive alternatives available to the cities which promote these interests, including the posting of signs by individual residents, registration and licensing of solicitors and normal law enforcement efforts. *Id.* at 638. Thus, the court held that the ordinances did not meet the fourth prong of *Cent. Hudson* and were therefore invalid restrictions on constitutionally protected speech.

In applying the foregoing analysis to the case *sub judice,* the city of Tiffin does not claim nor does the record demonstrate that defendant engaged in any misleading or deceptive sales practices. Thus, there is no dispute that the defendant was engaging in a lawful activity.

As to the presence of a substantial governmental interest, the city of Tiffin asserts in its brief that its primary interest in passing the ordinance was in preserving the safety and privacy of its citizens. Specifically, the city claims door-to-door solicitation involves a significant amount of intrusion and that it provides potential criminals with access to homes and direct contact with unsuspecting citizens. We have no difficulty concluding that the safety and privacy of citizens are substantial state interests. See *Project 80's II, supra;* see, also, *Frisby v. Schultz* (1988), 487 U.S. 474, 108 S.Ct. 2495, 101 L.Ed.2d 420.

Yet the fact that the city of Tiffin has asserted substantial state interests, by itself, does not necessarily mean that a blanket prohibition on soliciting serves those interests. See *Edenfield v. Fane* (1993), 507 U.S. 761, 113 S.Ct. 1792, 123 L.Ed.2d 543. For example, defendant argues that these goals can be achieved through other means such as having residents post signs on their property which prohibit solicitors or by having a registration system whereby citizens can register with a city official indicating that they do not wish to have solicitors on their property. In addition, it seems to us that restrictions as to time, day or place of approach could also constitute reasonable alternatives to a total ban. See, *e.g., Project 80's II, supra.* Thus, pursuant to the third and fourth prongs of *Cent. Hudson,* the city must still establish how its ordinance directly advances its substantial interests and whether the restriction on speech is more extensive than necessary to serve those interests.

We believe the tests of *Cent. Hudson* require the city of Tiffin to justify its restriction on commercial speech by demonstrating that "the harms it recites are real and that its restriction will in fact alleviate them to a material degree." *Edenfield, supra,* 507 U.S. at 771, 113 S.Ct. at 1800, 123 L.Ed.2d at 555.

Unfortunately, in the case *sub judice*, we find that the city has not presented, nor does the record contain, any evidence which suggests that permitting door-to-door solicitation tends to result in or lead to criminal activity. Moreover, there is no evidence that door-to-door solicitation results in or has resulted in any significant invasion of privacy. In short, the city has done little more than set forth broad and conclusory assertions which bear little connection to the justifications behind the enactment of the ordinance and, as the defendant and this court have noted, more precise and less restrictive alternatives would clearly seem to be available to the city to serve its objectives.[2]

In conclusion, we believe that it is necessary for the city to affirmatively prove that its ordinance is narrowly tailored to serve a substantial governmental interest. *State Univ. of New York Bd. of Trustees v. Fox, supra.* However, based upon the foregoing authorities (and the lack of any evidence to the contrary in the record), it is apparent that the Tiffin ordinance sweeps far more broadly than necessary to protect the city's governmental interests and that the city has failed to prove that "there is a reasonable fit between the cit[y's] interests and the scope of the ordinance." *Project 80's II, supra,* 942 F.2d at 638. Thus, while the city of Tiffin is free to place restrictions on the practice of door-to-door solicitation, it may not enforce an ordinance which completely bans the practice.

Based on the foregoing facts and authorities, we hold that Tiffin Codified Ordinances 719.04 is unconstitutional and void, as it places an impermissible restriction on constitutionally protected commercial speech. Accordingly, as defendant's three assignments of error are sustained, the judgment and sentence of the Tiffin Municipal Court are reversed and this cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.

---

2. On this issue, the city of Tiffin again cites *W. Jefferson v. Robinson* (1965), 1 Ohio St.2d 113, 30 O.O.2d 474, 205 N.E.2d 382, in its brief, in which the Supreme Court of Ohio validated an ordinance similar to the one at issue in the instant case because it bore "a real and substantial relationship to the public safety and general welfare of the public and [was] neither unreasonable nor arbitrary." *Id.* at 120, 30 O.O.2d at 478, 205 N.E.2d at 387–388. However, as noted earlier, we believe that *W. Jefferson* is factually distinguishable because unlike the record in that case, the city of Tiffin has submitted no evidence on the issue. Accordingly, we do not believe it has been demonstrated that the Tiffin ordinance either bears a "real and substantial" relationship to the asserted public safety and welfare goals or is "neither unreasonable nor arbitrary" in achieving them.